# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,      :      Case No. 3:04-cr-132
                                                  Also 3:09-cv-442

   - vs -                                          District Judge Thomas M. Rose
                                                     Magistrate Judge Michael R. Merz

ASMED ESCARENO,

        Defendant.      :

## REPORT AND RECOMMENDATIONS

      This case is before the Court on Defendant's Motion to Vacate pursuant to 28 U.S.C. § 2255. Petitioner alleges he suffered ineffective assistance of trial counsel in the following ways:

1. Failure of trial counsel to investigate, interview and subpoena credible and material witnesses who would testify that the Government's key cooperating witness admitted that he lied about his alleged criminal activity with Petitioner having stated that he was put under pressure by the government.

2. Failure of trial counsel to hire a private investigator despite repeated promises to Petition[er] that a private investigator would be retained to interview key witnesses to corroborate Petitioner's defense and impeach the manufactured testimony of the government's key cooperating witness.

3. Failure of trial counsel to challenge the Indictment and complaint that were served and filed out of time in violation of 18 U.S.C. § 3161(b).

4. Trial counsel's representations that he "had done a good job" and that the trial Court had erred such that Petitioner had a good chance of prevailing on appeal.

5. Trial counsel's misrepresentation that appellate counsel had been retained to review the record for reversible error when, in fact, such representation was false and known to be false when such misrepresentation was made to Petitioner.

6. Trial counsels' concealment from Petitioner that the plea agreement contained a waiver of Petitioner's appeal rights and standing to collaterally attack his sentence except on very narrow grounds.

7. Trial counsel's allowing Petitioner only fifteen minutes to accept the plea agreement and where Petitioner was not only mislead [sic] regarding his appeal rights but trial counsel put Petitioner under duress by informing Petitioner the trial Court intended to sentence Petitioner to 360 months if petitioner failed to sign the plea agreement.

8. Trial counsel's failure to file a notice of appeal after being requested by Petitioner to do so.

9. Cumulative violations of the Fifth and Sixth Amendments by trial counsel that prejudiced Petitioner.

(Motion, Doc. No. 265, Page ID 4474-4475.)

## Procedural History

A criminal complaint was filed against Defendant[1] in this case on December 18, 2002, but the associated arrest warrant was not executed until August 1, 2004, in Florida. Defendant arrived in Dayton on August 21, 2004. A preliminary examination was held August 30, 2004; and on

---

[1] Defendant is also known as Francisco Marmalejo.

September 10, 2004, Magistrate Judge Ovington entered an order detaining Defendant and binding him over to the grand jury which returned an indictment on September 29, 2004. After two superseding indictments and a series of pretrial motions, Defendant went to trial with co-defendant Karla Ruiz on March 26, 2007. The jury returned guilty verdicts and Defendant was referred for a presentence investigation. The PSI recommended a sentencing guideline range of 292-365 months.

After a number of objections and post-trial motions, Defendant appeared for sentencing on September 26, 2008. On that day he and the United States entered into a Stipulation for a fifteen-year (180 month) sentence (Doc. No. 256). Judge Rose accepted the Stipulation and, making the required sentencing findings, imposed the 180 month sentence of which Defendant complains. Defendant took no appeal, but filed the instant Motion a year later on September 25, 2009 (Doc. No. 265)[2].

The Stipulation provides that the parties will not contest the calculated sentencing range in the PSI of 292-365 months (Doc. No. 256, Page ID 4421, ¶ 2.) The following three paragraphs are relevant to the current Motion:

> 6. The defendant ASMED ESCARENO waives and gives up his right to appeal his conviction and sentence imposed by the Court, and the manner in which the sentence is determined, provided the Court accepts and follows the sentencing recommendation of the parties as set forth in this Sentencing Agreement. The defendant further understands that the United States retains its right and/or duty to appeal the sentence. However, if the United States were to file such an appeal, the defendant shall be released from the above waiver of appellate rights.

---

[2]While the docket shows a filing date of September 28, 2009, the original Motion bears the Clerk's file stamp for September 25, 2009, albeit at the Columbus location of Court. Defendant mailed the Motion on September 20, 2009, and is entitled to that filing date under the "mailbox" rule for incarcerated persons. *Houston v. Lack,* 487 U.S. 266 (1988). The same rule applies to filing a petition for writ of habeas corpus or §2255 motion to avoid the statute of limitations. *Towns v. United States*, 190 F.3d 468 (6th Cir. 1999).

7. The defendant ASMED ESCARENO further waives and gives up any right to bring a post-conviction collateral attack on the conviction or sentence.

8. By signing this Sentencing Agreement, the defendant ASMED ESCARENO acknowledges that he has read and discussed its terms with his attorney, that he understands and accepts those terms, that no threats or promises have been made to get him to enter into and sign this Sentencing Agreement, and that he has entered into and signed this Sentencing Agreement knowingly, intelligently, and voluntarily, of his own free will. Further, the defendant acknowledges that this document contains the entire Sentencing Agreement between the defendant and the United States through its undersigned attorney. No other agreements, promises, deals, bargains, or understandings exist which modify or alter these terms. ...

(Stipulation, Doc. No. 256, Page ID 4422-4423.)

## Analysis

### Waiver of Collateral Attack

As an initial matter, Defendant's § 2255 Motion should be dismissed because he waived his right to file such a motion in return for a guaranteed sentence 8.5 years below the bottom of the guideline range in this case. Plea agreements waiving the right to bring collateral attacks, including the waiver of ineffective assistance of counsel claims, are both legal and constitutional. *Davila v. United States*, 258 F.3d 448 (6th Cir. 2001). *A fortiori* a sentencing agreement, which waives far fewer rights than a plea agreement, is also legal and constitutional. At the very least if Defendant is allowed to set aside his sentencing agreement, he should be resentenced without the benefit of that agreement.

**Merits**

In the alternative, the Magistrate Judge offers the following analysis of the merits of the instant Motion.

The only evidentiary support Defendant offers for his Motion is his Declaration, attached to the Motion, setting forth the admissions made by co-defendant Derrick Verse that his trial testimony was false and was given because he was threatened by the prosecution. Verse's admission was embodied in a handwritten letter which he had delivered to Defendant and allegedly repeated to two corrections officers at the Miami County Jail. Defendant avers he gave this letter to his lawyer, but the lawyer refused to call any of the persons to whom Verse had made the admissions (Declaration, Doc. No. 265, Page ID 4487.)

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687.

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every

> effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance;  that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694.  *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987).  *See generally* Annotation, 26 ALR Fed 218.

Counsel's tactical decisions are particularly difficult to attack. *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994).   Indeed, strategic choices by defense counsel are "virtually unchallengeable."  *Buell v. Mitchell,* 274 F. 3rd at 337, 359 (6th Cir. 2001), quoting *Meeks v. Bergen*, 749 F. 2nd 322, 328 (6th Cir. 1984).

As to the prejudice prong, the test is whether counsel's errors have likely undermined the reliability of, or confidence in, the result.  *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996), citing *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993).  "Counsel is constitutionally ineffective only if [his or her] performance below professional standards caused the defendant to lose what he otherwise probably would have won." *United States v. Morrow,* 977 F.2d 222 (6th Cir. 1992).  Defects in assistance that have no probable effect on the trial's outcome do not establish a constitutional violation.  *Mickens v. Taylor,* 535 U.S. 162, 166 (2002).   To show

prejudice the new evidence that a habeas petitioner presents must differ in a substantial way – in strength and subject matter – from the evidence actually presented at trial or sentencing. *Hill v. Mitchell*, 400 F.3d 308 (6th Cir. 2005)(contains long analysis of cases finding no prejudice).

Defendant's allegations of ineffective assistance of trial counsel will be analyzed separately.

### Failure to Challenge Testimony of Derrick Verse

Defendant's claim that his trial attorney did not challenge Derrick's Verse's trial testimony is contrary to fact. As noted by Respondent, he was vigorously cross-examined and admitted that he had made exculpatory statements regarding Defendant to Miami County Jail inmate Luis Torres. Defendant's counsel also had Verse's letter from which to cross-examine Verse. Given that Verse admitted making the statements, it is unclear whether corroboration would have added anything to the trial presentation. Defendant has made no showing of prejudice because he has not shown that Torres or the corrections officers would have said anything that Defendant's counsel did not elicit on cross-examination. Page ID 3018-3019. Thus the first two of Defendant's claims of ineffective assistance of trial counsel are without merit in that Defendant has not shown it was not acceptable practice for defense counsel to rely on Verse's own admission in open court of what he had told Torres or that any prejudice flowed from that choice.

### Failure to Claim a Speedy Trial Violation

In its Response in Opposition, the United States admits that it failed to indict the Defendant within the required time after his initial appearance in Dayton: the time for indictment under the

Speedy Trial Act expired on September 27, 2004, and the indictment was not returned until September 29, 2004. Since the time periods in the Speedy Trial Act are mandatory, the Indictment would have been dismissed if defense counsel[3] had filed a motion to that effect.

However, the key question is whether any dismissal would have been with or without prejudice. To have obtained a dismissal with prejudice, defense counsel would have had to show bad faith, a neglectful attitude, or a pattern of neglect plus prejudice to the Defendant. The motion papers do not suggest any way in which such findings could have been made by Judge Rose. This claim is also without merit.

## Alleged Misrepresentations About Quality of Representation

In his fourth and fifth claims of ineffective assistance of trial counsel, Defendant claims his trial attorney misrepresented that he had done a good job, that the trial court had committed reversible error, and that an appellate attorney had reviewed the record for error. These claims are purely conclusory and no evidentiary support is provided for them. A trial attorney's representation of his opinion that he has done a good job and that there is reversible error does not constitute deficient practice, even if a court later determines that the attorney did not do a good job or that there is no reversible error. And Defendant offers no proof that the record had not been reviewed for appellate claims. The fourth and fifth claims are without merit.

---

[3] It should be noted that at the time the Speedy Trial deadline was missed, Defendant was represented by local Dayton counsel and not yet by the attorney who represented him at trial.

**Waiver of Right to Appeal**

A defendant in a federal criminal case may waive his right to appeal so long as the waiver is valid. *United States v. Fleming,* 239 F. 3d 761, 763-64 (6th Cir. 2001). In his sixth and seventh claims of ineffective assistance of trial counsel Defendant asserts his lawyer either concealed his waiver of appeal from him or misled him about that waiver. How can the Defendant credibly claim concealment or misleading when the face of the Stipulation plainly says in ¶¶ 6-9 that such a waiver is being made and that Defendant understands the Stipulation after discussing it with his attorney and is entering into it voluntarily? Defendant makes no claim of being unable to understand the plain written English in the Stipulation. Nor does he state what it was that his counsel said to him that somehow misled him about what the Stipulation said.

**Failure to File a Notice of Appeal**

Defendant also claims that he told his lawyer to file an appeal and the lawyer did not do so. However, this claim is plainly implausible. Defendant gives no evidentiary support for the claim – there is nothing in his Declaration about having made such a request. Moreover, as noted above, Defendant waived his right to appeal. The case law which dispenses with any showing of prejudice in a case where a defendant asks his attorney to file a notice of appeal only excuses a defendant from showing that there might be some merit in an intended assignment of error. In this case there was no right to raise any issue on appeal because the very right to appeal had been waived. Indeed, if Defendant's counsel had done as Defendant says he was asked to do, Defendant would have lost the

benefit of a very favorable sentencing agreement[4] and would have been subject to an advisory guideline range of 292-365 months as opposed to the 180-month sentence he was guaranteed.

## Cumulative Ineffectiveness

In his ninth claim of ineffective assistance of trial counsel, Defendant attempts to cumulate other claims of ineffective assistance of trial counsel. Since the Court finds none of the other claims have merit, this claim is also without merit.

## Conclusion

All of Defendant's claims are without merit and should be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Defendant should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

December 13, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this

---

[4] Defendant refers repeatedly in the motion papers to a plea agreement. There was no plea agreement in this case: Defendant was convicted of all counts against him the the Second Superseding Indictment by the jury.

Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).